**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Juan Bernardo RODRIGUEZ–SANDOVAL, Defendant—Appellant.**

No. 04–30263.
DC No. CR 04–00006 EJL.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2006.*

Decided March 16, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Rafael M. Gonzalez, Jr., United States Attorney's Office, Boise, ID, for Plaintiff—Appellee.

Thomas D. Widman, Esq., Law Office of Thomas Widman, Boise, ID, for Defendant—Appellant.

Before FERNANDEZ, TASHIMA, and PAEZ, Circuit Judges.

### MEMORANDUM **

Defendant Juan Rodriguez–Sandoval ("Rodriguez") appeals the sentence imposed by the district court following his guilty plea for illegal re-entry in violation of 8 U.S.C. § 1326(a). Rodriguez contends that the district court erred by relying on his prior aggravated felony conviction to enhance his sentence under § 1326(b)(2)

because it was not charged in the indictment or proved to a jury beyond a reasonable doubt. Rodriguez further argues that the district court erred by relying solely on the pre-sentence investigation report ("PSR") as proof of his prior conviction.

■ Rodriguez's first argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 243–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which permits a district court to enhance a sentence on the basis of prior convictions, even if the fact of those convictions is not found by a jury beyond a reasonable doubt. *See United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005).

■ Rodriguez's second argument also fails because Rodriguez has never disputed the fact of his prior aggravated felony conviction, and a district court may properly rely on an un-controverted PSR to find the fact of a prior aggravated felony conviction for sentencing purposes. *See United States v. Ameline,* 409 F.3d 1073, 1085–86 (9th Cir.2005) (en banc) (stating that a "district court may rely on undisputed statements in the PSR at sentencing," and that "[t]he fact that the Sentencing Guidelines have become discretionary following *Booker* does not alter this analysis"); *United States v. Romero–Rendon,* 220 F.3d 1159, 1163 (9th Cir.2000); *United States v. Marin–Cuevas,* 147 F.3d 889, 895 (9th Cir.1998).

■ Finally, because the Sentencing Guidelines are no longer mandatory, *see United States v. Booker,* 543 U.S. 220, 258, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and we cannot determine from the record whether the sentence imposed would have been materially different had the sentencing judge known that the Guidelines were advisory, we remand the sentence for the

---

district court to consider, in its discretion, whether resentencing is appropriate. *Ameline*, 409 F.3d at 1084–85. Because we do not presume that every defendant will wish to pursue resentencing, *see id.* at 1084, Rodriguez may opt out of re-sentencing by promptly notifying the district court and the government of his decision to do so.

AFFIRMED; sentence REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.